McCartin v. McCartin.

HENRY C. McCARTIN, appellant,

v.

THE SURVIVING EXECUTORS OF MYLES McCARTIN et al.,
respondents.

1. Construction of the acts of March 27th, 1874, and February 25th, 1880, concerning evidence: If the representative offers himself as a witness on his own behalf, and testifies to any transaction with or statement by his testator or intestate, the other party may be a witness on his own behalf as to all transactions with or statements by such testator or intestate, which are pertinent to his case.

2. But if the representative offers himself on his own behalf, and does not testify to any such transaction with or statement by his testator or intestate, the other party is excluded from testifying with regard to any such transaction or statement.

3. Either party may be admitted under the act of 1880 to testify on his own behalf within the range prescribed by that act, whether the other is a witness or not.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *McCartin* v. *Traphagen, 16 Stew. Eq. 323.*

*Messrs. Collins & Corbin,* for the appellant.

*Messrs. Voorhees & Cotter,* for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

The question to be primarily considered in this case involves the construction of the supplement of February 25th, 1880, to the act concerning evidence. *Rev. Sup. p. 287 § 1.*

If the party who sues or is sued in a representative capacity offers himself as a witness on his own behalf, and does not testify in regard to any transaction with or statement by his testator or intestate, does the adverse party thereby become a competent witness for himself for all purposes?

McCartin *v.* McCartin.

The act concerning evidence, revised in 1874, provides that:

"No person shall be disqualified as a witness in any suit or proceeding at law or in equity by reason of his or her interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his or her credit; *provided, nevertheless,* that no party shall be sworn in any case when the opposite party is prohibited by any legal disability from being sworn as a witness, or either of the parties in a cause sue or are sued in a representative capacity, except as hereinafter provided. *Rev. p. 378 § 3.*

"A party to a suit in a representative capacity may be admitted as a witness therein, and if called as a witness in his own behalf, and admitted, the opposite party may, in like manner, be admitted as a witness." *Rev. p. 378 § 4*

The object of this legislation was to prevent a person from establishing a claim against a decedent's estate, or defeating a claim on behalf of such estate, by his own testimony. The injustice that would result from permitting the survivor to testify in such cases is apparent.

The representative of the decedent, however, may elect whether he will testify on behalf of the estate he represents, and if he does so testify, the adverse party is made a competent witness on his own behalf for all purposes.

Under this law, an administrator or executor could not offer himself on his own behalf to prove the most formal matter, without making the other party a witness for all purposes, thereby enabling him to give evidence which the representative could not meet. Nor could the other party be admitted to testify to even formal matters, unless the executor or administrator first offered himself as a witness.

In this condition of the law the act of 1880 was passed, as follows:

"1. *Be it enacted by the Senate and General Assembly of the State of New Jersey,* that in all civil actions in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; *provided, nevertheless,. that this supplement shall not extend* so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action." *Rev. Sup. p. 287 § 1.*

The rule of interpretation is familiar, that the court must

give effect to the previous statute so far as it is not in conflict with the subsequent one.

I think the existing evils will be remedied by adopting a construction which will harmonize the act of 1880 with the previous legislation.

The design of the later act was to admit either party to testify with respect to facts not immediately derived from the decedent.

It was intended to give each party an equal privilege, without subjecting the one (to wit, the administrator) to the disadvantage of letting in the other to testify to matters of which the administrator could know nothing personally.

To this extent the act of 1880 modified the earlier law, the alteration being to partially qualify each party without reference to the action of the other. Thus, if the representative offers himself as a witness for this limited purpose, it does not enable the adversary to gain a position of vantage. But if the representative offers himself under the earlier law, and is examined as a witness for all purposes, the other party has the same right to testify without restriction. The words "any party," in the act of 1880, include, if given their usual significance, both parties. In that language there is no indication that the law-maker intended to give the survivor the right to testify on his own behalf within the limits of that act, and to deprive the representative of the privilege of testifying to the most formal matter without thereby making the survivor competent to testify to transactions with the decedent. Where legislation is susceptible of a different construction, a purpose so unreasonable should not be attributed to the law-maker.

When the representative offers himself as a witness on his own behalf under the later law, he does not thereby enlarge the rights of the other party; the parties stand on an equality under the act of 1880.

The language of the proviso, " that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action," is a limitation only upon the operation of the

McCartin v. McCartin.

act of 1880. It simply circumscribes the extent to which testimony may be given under that act.

This supplement shall not have the effect to make such evidence competent, but the implication is, that it was not intended to affect the scope of the previous act, when the representative exceeded the privilege extended to him by the act of 1880, and chose to testify, under the earlier law, to transactions with the intestate.

It does not declare that any evidence competent before its passage shall thereafter be inadmissible.

Under the act of 1880 the right of neither party to testify is controlled by the act of the other; each may speak within a certain range, whether the other testifies or not. The capacity of the one to testify is not increased or affected by the fact that the other avails himself of the benefits of this legislation by giving his evidence within the prescribed range. No necessary conflict arises between this and the prior enactments on the subject, upon which a repeal by implication can rest. The representative may still avail himself of the right to testify generally under the law of 1874, and thereby render his adversary competent to a like extent. In that case it is not the act of 1880 which permits the wider range of evidence, but the express language of the earlier law. If the framer of this act had intended to repeal the old law, the language of the proviso would appropriately have been, " that neither party shall be competent to testify as to any transaction with or statement by any testator."

The language adopted, " that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate," is quite appropriate to prevent any repealing effect. This supplement does not permit the wider range of evidence, but it does not declare that the law of 1874, which does admit it under certain circumstances, shall be no longer in force.

My conclusion is, that if the representative offers himself as a witness, and testifies to any transaction with or statement by the testator or intestate, the other party may be a witness on his own behalf as to all transactions with or statements by such testator

McCartin v. McCartin.

or intestate, which are pertinent to his case. But if the representative offers himself on his own behalf and does not testify to any transaction with or statement by his testator or intestate, the other party is excluded from testifying with regard to any such transaction or statement.

Either party may be admitted under the act of 1880 to testify on his own behalf within the range prescribed by that act, whether the other is a witness or not.

In this view of the law, which is concurred in by a majority of the court, the testimony of the Misses McCartin was competent.

This added evidence is not sufficient to lead us to reject the conclusion which the vice-chancellor has reached on the merits of the case.

In my opinion, the decree below should be affirmed, with costs.

DIXON, J.

I am unable to agree with the majority of the court in the interpretation put upon the supplement to the act concerning evidence, approved February 25th, 1880. *Rev. Sup. p. 287 § 1.*

Under the previous legislation of this state, the parties in a suit were generally qualified to be witnesses, with a proviso that no party should be sworn in any case when　*　*　*　either of the parties sued or was sued in a representative capacity, except that a party to a suit in a representative capacity might be admitted as a witness therein, and if called as a witness in his own behalf, and admitted, then the opposite party might, in like manner, be admitted as a witness. *Rev. p. 378 §§ 3, 4.*

In this condition of the statutes the supplement in question was passed, in these words:

"In all civil actions in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity; *provided, nevertheless,* that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action." *Rev. Sup. p. 287, ? 1.*

I think there is manifested by the terms of this supplement a purpose to deal with only a single species of cases arising under

the antecedent law, those in which the fact that some party sued ·or was sued in a representative capacity, prevented the other parties from being admitted as witnesses. This is indicated by the clause, " notwithstanding any party thereto may sue or be ·sued in a representative capacity." This addition restricts the generality of the words previously employed, " in all civil actions, any party may be sworn and examined as a witness," and shows that they are used only in the narrower sense which I have mentioned. Thus these words, standing alone, would in·clude civil actions in which one party was prohibited from being a witness by some legal disability, and in which, consequently, under the prior law, his opponent was disqualified, and would permit the parties in this species of actions to be sworn ; but the added clause, " notwithstanding" &c., renders it plain, I think, that this class of cases is not included. Only those cases were thought of, in which the representative character of one party prevented the others from testifying. For these cases a new rule ·was promulgated, " that any party might be sworn and ex:amined as a witness," but with a proviso, very carefully and ·somewhat unusually worded, " that this supplement shall not ·extend so as to permit" certain testimony to be given. The force of this proviso is also, in my judgment, unambiguous. It was not meant to limit the operation of any other law than the ·supplement in which it stands. It provides only for those cases in which the party must appeal to this supplement for his right to testify. If he can claim such a right under any other law, ·this proviso does not affect him.

The language which, in *Lanning* v. *Lanning, 2 C. E. Gr. 228, 234,* Chancellor Green applied to the enacting clause and proviso ·of the statute of March 18th, 1859 (*P. L. of 1859 p. 489*),(a)

(a) That no person shall be disqualified as a witness in any suit or proceedings at law or in equity by reason of his or her interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his or her credit; *provided, nevertheless,* that no female shall be admitted as a witness for or against her husband, or shall any party be sworn in any case when the opposite party is prohibited by any legal disability from being sworn as a witness, or either of the parties in a cause sue or are sued in a representative capacity.

McCartin v. McCartin.

both of which are couched in more general terms than those now under consideration,.may be aptly quoted: "The enacting clause of the act of 1859 was designed to authorize the examination of parties to the record, in cases in which their evidence was not previously admissible. It had no reference to cases in which the parties were already competent witnesses. The operation of the proviso must be limited accordingly. * * * It must be limited, I conceive, to the cases in which the parties were rendered competent by the previous clause of the act. The proviso is simply a limitation of, or condition annexed to, the power conferred by the statute. In the absence of a clearly expressed intention to the contrary, it extends to those cases only which are within the purview of the statute."

My conclusion therefore is, that, under the statutes as they exist, if, in causes where some party sues or is sued in a representative capacity, such party is called as a witness in his own behalf, and admitted, then the opposite party becomes competent to testify generally, but if, in those causes, such party is not so called, then the other parties are competent to testify only to the extent indicated by the proviso of the supplement of 1880.

Justices Reed and Garrison concur in this construction.

MAGIE, J.

The supplement to the Evidence act, approved February 25th, 1880 (*Rev. Sup. p. 287 § 1*), seems clearly to indicate that the legislature had in view three defects resulting from previous legislation on the subject of the admission of parties as witnesses in suits in which some party appeared in a representative capacity. These defects were the following, viz.: (1) No non-representative party could testify at all, even to the service of notice on the representative party or like minor matters, unless the latter had offered himself and been admitted as a witness; (2) A representative party could not testify at all, even to such matters, except at the risk of opening the case to the unrestricted testimony of the non-representative party, and (3) When a party was admitted in either mode, he could testify to statements by and transactions

with the deceased person represented in the suit—facts which frequently the decedent alone could controvert.

It is to be noted that the last-mentioned defect was conceived to exist in the admission of the party to give such evidence. It was evidently not deemed impolitic to permit such evidence to be given by persons interested in the event of the suit but not parties, or by persons connected with any party, as his wife, child, agent or attorney. The impolicy was supposed to exist when evidence of this nature was proposed to be given in his own behalf by a person interested as a party to the suit. It is not necessary to vindicate this distinction, but only to point out its existence.

No construction of the supplement of 1880, in its effect on prior legislation, and particularly the fourth section of the Evidence act, ought to be adopted which does not take into consideration the defects the legislation was evidently aimed at.

A construction which leaves the fourth section unrepealed and unmodified is, therefore, in my judgment, inadmissible, because the representative party is thus left disabled from testifying even on minor matters, except he is willing to permit the other party to testify without restriction, and because a party is thereby admitted to testify in his own behalf to statements by and transactions with the decedent.

The construction concurred in by a majority of the court makes the supplement of 1880 co-exist with but modify the fourth section, so that a representative party may offer himself under either, and the extent of the admission of the evidence of the non-representative party will be measured by the extent to which the former party has testified. If he has testified to statements by or transactions with the decedent, then the non-representative party may do likewise; if he has refrained from giving such evidence, then the non-representative party is under the prohibition of the proviso of the supplement and cannot testify to statements by or transactions with the decedent. This construction is also, in my judgment, inadmissible, not only because the language of the supplement seems entirely unfitted to·

McCartin *v.* McCartin.

convey any such idea, but also because a party to the suit is thus permitted to testify, without restriction, in his own behalf.

The legislation may, however, in my judgment, be so construed as to apply to all the defects indicated, and to establish, with respect to them, a rule of evidence which is consistent, reasonable and easy to apply in practice. The supplement of 1880, in enacting that any party to an action may become a witness, notwithstanding any party thereto sued or was sued in a representative capacity, expressed, in language chosen from and adapted to prior legislation, a general rule on the subject of the admission of parties as witnesses in such cases. That subject had been previously treated as exceptional. Now, a general rule is promulgated covering the whole subject. Standing alone, I apprehend, there could be no question but that it superseded and thus repealed, without any words of repealer, prior legislation on the same subject. It is insisted that the language of the proviso limits the application of the enacting part of the statute so as to prevent its being taken as a general rule. It is argued that the phrase " this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in the action," implies that other legislation which did so extend was to be continued in force. But this is not a necessary implication. The proviso may well be read as declaring that the general rule prescribed by the enacting clause was not to be construed as permitting such testimony. So read, the proviso limits the extent of the testimony given in any case of the kind dealt with by this legislation. One rule is applied to all cases. We are not left in the unusual and extraordinary condition of having to apply one of two inconsistent rules for the admission of evidence, and that upon the mere volition of a party to the action.

For these reasons I approve of the construction given to this legislation by the vice-chancellor.

Under either construction of this legislation, I agree that the decree below should be affirmed.

*Decree unanimously affirmed.*